UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANKLIN GARDNER,

    Plaintiff,

v.

GARY M. LANIGAN, et al.,

    Defendants.

Civil Action No. 13-7064 (FLW)

OPINION

**APPEARANCES**:

    FRANKLIN GARDNER, #383187C
    New Jersey State Prison
    P.O. Box 871
    Trenton, NJ   08625
    Plaintiff *Pro Se*

**WOLFSON, District Judge**:

Franklin Gardner, an inmate confined at New Jersey State Prison ("NJSP"), seeks to file a Complaint without prepayment of the filing fee. This Court will grant his application to proceed *in forma pauperis*. For the reasons expressed in this Opinion and, as required by 28 U.S.C. § 1915(e)(2)(B), this Court will dismiss the federal claims raised in the Complaint, without prejudice to the filing of an amended complaint asserting a cognizable claim under 42 U.S.C. § 1983. The Court will decline supplemental jurisdiction over claims arising under state law.

## I.   BACKGROUND

Franklin Gardner brings this action against Gary Lanigan, the Commissioner of the New Jersey Department of Corrections; NJSP Warden Charles Warren; classification officer Marshal Fleicher; and the Department of Classification. He seeks to assert several unrelated claims under 42 U.S.C. § 1983. First, he claims that defendants "depriv[ed] and divest[ed] the plaintiff, of approximate[ly] (7) seven

years of qualified restoration of comp[utation] time." (Complaint, ECF No. 3 at 4.) He maintains that Warden Warren and Commissioner Lanigan, "in congruity, implicit[]ly allowed the[ir] subordinates to inac[c]urate[]ly use a faulty technique to improper[ly] tally the plaintiff['s] owed but deprived comp[utation] credits." *Id.* at 6. Although Gardner refers to several exhibits in the body of the Complaint, no exhibits were attached to the Complaint.[1]

Second, Gardner asserts that in November 2011, Warden Warren and Commissioner Lanigan implemented a "diabolical and very inhumane food program . . . that rescinded the plaintiff[,] who[] is a vegetarian that does not consume any '[r]ed meat[,]' the privil[]ege to purchase from [the] canteen" vitamins, salmon, tuna, mackerel, rice and protein drinks. *Id.* at 5. Gardner alleges that the only food items he can purchase are cookies, potato chips, candy bars, and crackers, which contain high levels of sugar and salt. He asserts that, within six months of the implementation of this new policy, his weight dropped from 210 to 180 pounds, and that his present weight is 175 pounds. Third, he alleges that he "was subjected to harsh conditions," false disciplinary infractions, threats of bodily harm, "a cell with no light nor toilet nor drinking water," "sleeping on a cold floor," and "not being able to attend famil[]y funerals." *Id.* For violation of his rights, he seeks damages, declaratory relief, and injunctive relief directing defendants to restore his computation credits and to cease evading his grievances and subjecting him to brutal conditions.

## II. STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against

---

[1] Initially, this Court administratively terminated the case because the Complaint was unreadable, and directed Plaintiff to submit a readable complaint. (Order, ECF No. 2.) Gardner thereafter submitted a readable version of the Complaint. (ECF No. 3.) There were no exhibits attached to either submission.

a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis.*

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.  DISCUSSION

A.  <u>Federal Claims</u>

Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[3]  To recover under § 1983, a plaintiff

---

[2]  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

[3]  The statute provides in relevant part:

must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, this Court will dismiss the Department of Classification as defendant with prejudice because neither a state nor a state agency or department is a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *McCauley v. University of the Virgin Islands,* 618 F.3d 232, 241 (3d Cir. 2010); *Birla v. N.J. Bd. of Nursing,* C.A. No. 13-2567, 2013 WL 6068477 (3d Cir. Nov. 19, 2013).

(1) Improper Calculation of Sentence-Reducing Credits

Gardner claims that defendants "depriv[ed] and divest[ed] the plaintiff, of approximate[ly] (7) seven years of qualified restoration of comp[utation] time." (Complaint, ECF No. 3 at 4.) He seeks declaratory relief and an injunction ordering defendants to restore his credits. However, a claim seeking the restoration of sentence-reducing credits is not cognizable under § 1983 because the sole federal remedy for a state prisoner's challenge to the duration of his confinement is a petition for writ of habeas corpus under 28 U.S.C. § 2254, with the concomitant requirement of the exhaustion of state court remedies. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Williams v. Danberg,* 426 F.App'x 40, 41-42 (3d Cir.

---

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

2011). Because Gardner's challenge to the deprivation of sentence-reducing credits is not cognizable under § 1983 and must be brought under § 2254 after he exhausts available state court remedies, this Court will dismiss the § 1983 claim for failure to state a claim upon which relief may be granted.

(2) Commissary Purchases

Gardner also claims that in 2011 Warden Warren and Commissioner Lanigan implemented a policy that prohibits his purchase from the canteen of vitamins, salmon, tuna, mackerel, rice, and protein drinks. (Complaint, ECF No. 3 at 5.) He claims that the "only food items" he can purchase are cookies, potato chips, candy bars and crackers, which "contain a high degree of salt and sugar." *Id.* He asserts that, prior to this policy, he weighed 210 pounds, and that, at the time he signed the Complaint, he weighed 175 pounds. *Id.*

The loss of canteen or commissary purchasing privileges does not violate the Constitution. *See Pelzer v. Shea,* 470 F.App'x 62 (3d Cir. 2012) (inmate has no protected liberty interest in canteen privileges); *see also Landor v. Lamartiniere,* 515 F.App'x 257, 259 (5th Cir. 2013) (same); *Grady v. Garcia,* 507 F.App'x 812, 814-15 (10th Cir. 2013) (same). Gardner does not allege that prison officials otherwise deprived him of adequate nutrition, but merely asserts that he can no longer purchase vitamins, protein drinks, fish, and rice from the commissary.[4] Gardner's challenge to a policy restricting the purchase of desired food items is without merit and will be dismissed for failure to state a claim upon which relief may be granted. *Id.*

---

[4] The Constitution requires "that prisoners be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it' [and] under certain circumstances a substantial deprivation of food may well be recognized as being of constitutional dimension." *Robles v. Coughlin*, 725 F. 2d 12, 15 (2d Cir. 1983) (quoting *Ramos v. Lamm*, 639 F. 2d 559, 571 (10th Cir. 1980)). "[A] prisoner's diet must provide adequate nutrition, but prison officials cannot be held liable under the [constitutional standard] unless the prisoner shows both an objectively serious risk of harm and that the officials knew about it and could have prevented it but did not." *Mays v. Springborn*, 575 F. 3d 643, 648 (7th Cir. 2009) (citation omitted).

(3) Conditions of Confinement

Gardner states that he has been "subjected to harsh conditions," "bogus infractions," threats of bodily harm, "a cell with no light nor toilet nor drinking water," "sleeping on a cold floor," and "not being able to attend family funerals." (Am. Complaint, ECF No. 3 at 5.) He does not elaborate further concerning these allegations. His § 1983 claim based on "bogus infractions," *i.e.,* false disciplinary charges, will be dismissed because "mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a [constitutional] claim." *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002); *Thomas v. McCoy*, 467 F.App'x 94, 96 (3d Cir. 2012). In addition, the fact that a sentenced prisoner is unable to leave the prison and attend a family funeral does not in and of itself violate the Constitution.[5] Similarly, the fact that Gardner received threats of bodily harm does not state a § 1983 claim because verbal threats or taunts, without more, are not sufficient to violate the Constitution. *See Dunbar v. Barone*, 487 F.App'x 721, 723 (3d Cir. 2012) (holding that threats that inmate was a "marked man and that his days were numbered" did not state Eighth Amendment claim); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (holding that threat to spray inmate with mace did not violate Eighth Amendment); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal

---

[5] Gardner does not allege that he asked to attend a funeral, that prison officials customarily grant inmates leave to attend funerals, or that the denial of his request for leave caused him severe psychological distress. *Compare McPherson v. Coombe*, 174 F.3d 276, 280 (2nd Cir. 1999) (assuming without deciding "that if, in order to cause a particular inmate psychological distress, prison officials deny the inmate leave which is otherwise available to attend a parent's funeral, such conduct may in some circumstances constitute cruel and unusual punishment"); *Thomas v. Farley*, 31 F.3d 557, 559 (7th Cir. 1994) (assuming without deciding that the denial of funeral leave could state an Eighth Amendment claim "if the granting of such leave were customary and prison officials denied it on a particular occasion or to a particular prisoner in order to cause psychological distress, or with deliberate indifference to his mental health").

harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").

Finally, Gardner states without further elaboration that he was subjected to "a cell with no light nor toilet nor drinking water" and "sleeping on a cold floor." To be sure, prison conditions may amount to cruel and unusual punishment contrary to the Eighth Amendment if they cause "unquestioned and serious deprivations of basic human needs . . . [or] deprive inmates of the minimal civilized measure of life's necessities." *Tillman v. Lebanon County Correctional Facility,* 221 F.3d 410, 417-18 (3d Cir. 2000) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). To state an Eighth Amendment conditions of confinement claim, an inmate must allege facts plausibly showing (1) objectively, his conditions were so severe that they deprived him of an identifiable, basic human need, such as food, clothing, shelter, sleep, recreation, medical care, and reasonable safety, *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Wilson v. Seiter*, 501 U.S. 294, 305 (1991), and (2) defendant was deliberately indifferent to the risk of harm to the plaintiff's health or safety. *See Farmer*, 511 U.S. at 837. However, Gardner's bare bones statement that, at some point in time, he slept on a cold floor and he was confined to a cell lacking light and drinking water, without more, is not factually sufficient to satisfy the objective component of an Eighth Amendment claim under the *Iqbal* pleading standard.[6] Moreover, the Complaint contains no allegations suggesting that Warden Warren, Commissioner Lanigan or Classification Officer Fletcher were personally involved, that they knew of these deprivations, or that they failed to take reasonable

---

[6] "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . . Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).

measures in response to such knowledge.[7] These allegations do not state a conditions of confinement claim under § 1983.

B. Amendment

A district court generally grants leave to correct deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Because it conceivable that Gardner may be able to assert facts stating a cognizable claim under § 1983, this Court will grant him 30 days to file an amended complaint that (1) is complete on its face, and (2) asserts facts showing that each named defendant is liable for violating his constitutional rights.[8]

C. Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). "A district court can decline to exercise supplemental jurisdiction in several circumstances, including a situation where 'the district court has dismissed all claims over which it has original jurisdiction,' as in this case." *Trinity Industries, Inc. v. Chicago Bridge & Iron Co.,* 735 F.3d 131, 135 (3d Cir. 2013) (quoting 28 U.S.C. §

---

[7] An individual defendant in a civil rights action must participate in the alleged wrongdoing. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). To establish deliberate indifference, a plaintiff must set forth facts "show[ing] that the official was subjectively aware" of the alleged condition and thereafter failed to reasonably respond to it. *See Farmer,* 511 U.S. at 829.

[8] Plaintiff should be aware that he must plead facts showing that each "Government-official defendant, through the official's own individual actions, has violated the Constitution." *See Iqbal*, 556 U.S. at 676.

1367(c)(3)). Here, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).[9]  *See Taggart v. Norwest Mortg. Inc.,* C.A. No. 12-4311, __ F.App'x __, 2013 WL 4873459 at *2 (3d Cir. Sept. 13, 2013).

## IV.   CONCLUSION

This Court grants Plaintiff's application to proceed *in forma pauperis*, dismisses the federal claims, and declines to exercise supplemental jurisdiction.

          s/Freda L. Wolfson
         **FREDA L. WOLFSON, U.S.D.J.**

DATED:    December 18 , 2013

---

[9] This Court will revisit the question of supplemental jurisdiction in the event that Plaintiff files an amended complaint stating a claim under § 1983.