# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANKLIN GARDNER, | : | |
| | : | Civil Action No. 13-7064 (BRM) (DEA) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GARY M. LANIGAN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

Before the Court is the Amended Complaint of Plaintiff, Franklin Gardner ("Plaintiff"). (ECF No. 7.) Plaintiff has previously been granted *in forma pauperis* status in this matter. (ECF No. 4.) Therefore, this Court is required to screen Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under this statute, the Court must dismiss Plaintiff's claims if they are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune. For the reasons set forth below, and for good cause appearing, Plaintiff's Amended Complaint is **DISMISSED** in its entirety, without prejudice, for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

Plaintiff filed his initial complaint in November 2013. (ECF No. 1.)[1] Because the complaint was illegible, Plaintiff filed a new complaint, alleging claims under 42 U.S.C. § 1983. (ECF No. 3.) In that complaint, he alleged that his "computation time" was inaccurately calculated, that the prison food program was "inhumane," and that he was "subjected to harsh conditions" and threats

---

[1] The matter was initially assigned to the Honorable Freda L. Wolfson, U.S.D.J. On August 8, 2016, the matter was transferred to the undersigned. (ECF No. 11.)

of bodily harm. (ECF No. 3 at 3–4.) Following a grant of *in forma pauperis* status, the Court screened Plaintiff's complaint and dismissed the claim related to computation time with prejudice, and dismissed the remaining claims without prejudice. (ECF Nos. 4, 5). Plaintiff was given thirty days to amend his complaint. (*Id*.) Plaintiff filed an Amended Complaint in which he asserts facts nearly identical to those in his original complaint. (ECF No. 7). He claims that, while incarcerated, Defendants exhibited a "flawed method of calculation" related to his incarceration. (ECF No. 7 at 3.) Plaintiff asserts he submitted remedy forms for the miscalculation but no remedy was administered. (*Id*.) In addition, Plaintiff claims he was "threaten[ed] and assaulted by prison guards," "escorted and held in a cell without running water, light, nor a bed[,] but laid on a cold cement floor" with smells of urine. (*Id*.) Plaintiff further asserts that, while in prison, he was "deprived and stripped of nutritions [sic]," "because he is a vegetarian and relig[i]ous purpose do[es] not allow the eating of red meat nor pork," and that the "only reliable nutrition was purchase[sic] by canteen." (*Id*. at 4.) Finally, Plaintiff states that, as a result of the foregoing, he lost weight, his vision worsened, and he began to have higher blood pressure. (*Id*.)

While it appears that Plaintiff filed his Amended Complaint while still incarcerated in New Jersey (ECF No. 7-1 at 2), Plaintiff stated in a letter sent one month later, "I am maxing out on my sentence on March 10, 2014." (ECF No. 8.) In a follow-up letter in 2016, Plaintiff submitted notice for a change of address listing a Brooklyn detention center.[2] (ECF No. 10, 13.)

---

[2] In that letter, Plaintiff additionally requested that the Court assign him counsel or postpone the matter until he is released. (ECF No. 13.) Because Plaintiff has already filed his Amended Complaint, the Court finds no reason to postpone the matter. As well, because the Court has determined that Plaintiff's claims have no "arguable merit under fact and law" his request for *pro bono* counsel is denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a prisoner proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Amended Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A Plaintiff must be able to demonstrate that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. at 676. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts

in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DECISION

The Court considers Plaintiff's claims brought pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To recover under this provision, two elements must be shown. First, a plaintiff "must establish that the defendant acted under color of state law," and second, that the plaintiff has been deprived of "a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, the Court construes Plaintiff to raise § 1983 claims against Defendants related to his conditions of confinement, excessive force, and claims pertaining to the prison food.

### a. Mootness

First, the Court notes that Plaintiff seeks injunctive relief as well as damages for all his claims. Because Plaintiff is no longer incarcerated at New Jersey State Prison (*see* ECF No. 10), his claims for injunctive relief are now moot. "In general, an inmate's claim for injunctive and declaratory relief becomes moot on his release from prison." *Cobb v. Yost*, 342 F. App'x 858, 859 (3d Cir. 2009).

### b. Miscalculation of Plaintiff's Credits

In his Amended Complaint, Plaintiff states that he was subject to a "flawed method of calculation" which subjected "the plaintiff to endure unnecessary conditions." (ECF No. 7 at 3.)

4

However, the Plaintiff, relying on the Second Circuit case *Peralta v. Vasquez*, 467 F.3d 98 (2d Cir. 2006), also states he is now only making a claim challenging the "conditions inflicted" on him, "not the length of [his] duress." (ECF No. 7-1 at 1.)

With respect to the case cited by Plaintiff, the Court construes Plaintiff to be alleging that as a result of the flawed method of calculation—which forced him to remain incarcerated for an extended period of time—he suffered a violation of his Eighth Amendment rights, as a result of his conditions of confinement.[3] In *Peralta*, the Second Circuit held that prisoners subject to disciplinary proceedings that result in sanctions affecting both a prisoner's duration of confinement, as well as conditions of confinement can bring a § 1983 claim so long as the prisoner "forgo[es] once and for all any challenge to any sanctions that affect the duration of his confinement." *Peralta*, 467 F.3d at 104. There, the plaintiff, who was accused of cutting another inmate, was found guilty after a hearing, and ultimately received a penalty of a twenty-four-month loss of good-time credits, in addition to twenty-four-months of Special Housing Unit confinement and a twenty-four-month loss of packages, commissary, and telephone privileges. *Id.* at 100. The court remanded, permitting the plaintiff to formally agree to waive his claims relating to his duration of confinement, without requiring that he first establish that his disciplinary hearing or sanctions had been invalidated in a state or federal proceeding. *Id.* at 101, 106. *See Wilkerson v. Samuels,* 524 F. App'x 776, 778 (3d Cir. 2013) (*citing Peralta*, 467 F.3d at 104) (explaining that *Heck v. Humphrey*, 512 U.S. 477 (1994) does not "bar a prisoner from bringing an action which does not implicate the fact or duration of confinement"). In *Peralta*, the plaintiff's claim relating to his duration of confinement could be entirely separated from his claim related to his conditions

---

[3]    While Plaintiff's claim related to miscalculation of his commutation time was dismissed with prejudice in Plaintiff's previous Complaint, to the extent Plaintiff is raising it as a new claim related to his conditions of confinement, the Court will address the claim here.

of confinement. Here, however, Plaintiff's claims appear bound to one another. His claim that he endured "unnecessary conditions" as a result of a "flawed method of calculation" necessarily implicates his duration of confinement and would therefore be barred under *Heck*. "In *Heck*, the Supreme Court held that a prisoner may not pursue a § 1983 action which would implicitly question the validity of the conviction or duration of sentence, unless first demonstrating that the conviction or sentence has already been invalidated." *Wilkerson*, 524 F. App'x at 778. Here, Plaintiff has not demonstrated that his underlying conviction or sentence has been invalidated.

Nevertheless, if Plaintiff is "willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement" *Peralta*, 467 F.3d at 104, all that remains is a conditions of confinement claim, that the flawed method of calculation forced him to "endure unnecessary [prison] conditions" for an extended period of time. To the extent Plaintiff is raising a conditions of confinement claim, the Court will consider these claims *infra*.[4]

### c. Excessive Force & Conditions of Confinement

The Plaintiff states he was "threaten[ed] and assaulted by prison guards," "escorted and held in a cell without running water" and "laid on a cold cement floor" that smelled of urine. (ECF No. 7 at 3). He further states Defendants Warren and Lanigan were made aware of these conditions, but does not provide further detail with respect to these claims. (*Id.*)

---

[4] In the alternative, if Plaintiff is in fact making a claim related to his duration of confinement—that the flawed method of calculation led to a lengthier term of incarceration—this claim is not cognizable as a § 1983 claim. This is because the sole federal remedy for a state prisoner's challenge to the duration of his confinement is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (explaining that "state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement"). *See also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

While the Eighth Amendment protects inmates from cruel and unusual punishments, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 1–2 (1992) (citation omitted). To make a claim for excessive force, courts look to several factors. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000). Among them are the degree to which the force was necessary, the amount of force inflicted, and the extent of injuries. *Id*. Further, to prove any deprivation of a constitutional right, "a plaintiff must demonstrate a defendant's personal involvement in the alleged wrongs . . . by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga*, 806 F.3d at 222 (internal citations and quotations omitted).

Here, because Plaintiff has provided such scant factual information with respect to the threats and assaults, it is not possible to assess the factors required to make an excessive force determination, laid out in *Brooks*, above. Moreover, such overly broad assertions fail to satisfy the pleading standard under *Iqbal*. The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). Finally, because it is not clear which defendants committed these threats and assaults, nor that any defendant acquiesced, this does not rise to the level of a constitutional violation.

Further, with respect to Plaintiff's claims that he was confined in a cell without running water and that smelled of urine, he again fails to make the requisite showing that his constitutional rights were violated. To prevail on a conditions of confinement claim, an inmate must be able to allege, "(1) the prison official deprived the prisoner of the minimal civilized measure of life's

7

necessities; and (2) the prison official acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to her future health." *Chavarriaga*, 806 F.3d at 226. While denial of access to drinking water can be an Eighth Amendment violation, *see id*. at 228 (explaining that denial of access to potable drinking water for three days, if proven, would demonstrate an inmate was deprived of the "minimal civilized measure of life's necessities"), here, it is not clear whether Plaintiff had access to alternative sources of water, nor how long water was denied to him. The fact that Plaintiff, at some point, was held in a cell without running water and was laid on a cold cement floor which smelled of urine, does not satisfy the two-pronged test outlined above and does not meet the pleading requirements of *Iqbal*.

The Court also notes Plaintiff's claims are likely time barred. In his Amended Complaint, the Plaintiff states that the threat and assault by prison guards took place in "approximately December 2009," and he "was then escorted and held in a cell without running water." (ECF No. 7 at 3.) The Supreme Court has "determined that the most appropriate statute of limitations in a § 1983 action is the state personal injury statute." *287 Corp. Ctr. Assocs. v. Twp. of Bridgewater*, 101 F.3d 320, 323 (3d Cir. 1996) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). In New Jersey, the statute of limitations for all personal injury claims is two years. *See* N.J. Stat. Ann. § 2A:14-2; *see also Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). Because the alleged infractions took place in December 2009, and Plaintiff did not file his initial complaint until November 2013 (ECF No. 1), his claims are time barred. As such, because Plaintiff has failed to state a claim upon which relief can be granted, and, because his claims are likely time barred, his claims are dismissed.

**d. Insufficient Nutrition**

Plaintiff states he was not provided with an appropriate diet while incarcerated. This is "because he is a vegetarian and relig[i]ous purpose do[es] not allow the eating of red meat nor pork" and because "red meat seven days a week" is not an adequate diet. (ECF No. 7 at 3).

While Plaintiff claims he is a vegetarian, it is not clear whether Plaintiff is asserting that his personal religious beliefs preclude him from eating meat, or he is making a general statement about certain religious practices.[5] Rather than a religious claim, he appears to be alleging that a diet of red meat deprived him of proper nutrition, which resulted in his weight loss and high blood pressure. (ECF No. 7 at 4.) He states further that his concerns were "brought to the awareness of the commissioner [Gary M. Lanigan] and the warden [Charles Warren] by several grievances and agenc[ie]s advocating for fairness, these necessit[ie]s be continued as they were for years prior to [Charles Warren] inception at Trenton State Prison." (ECF No. 7 at 4.)

With respect to prison food, "an inmate's diet must provide adequate nutrition," such that "corrections officials may not be held liable unless the inmate shows both an objective component (that the deprivation was sufficiently serious) and a subjective component (that the officials acted with a sufficiently culpable state of mind)." *Duran v. Merline*, 923 F. Supp. 2d 702, 719–20 (D.N.J. 2013). "[O]nly a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim." *Lindsey v. O'Connor*, 327 F. App'x 319, 321 (3d Cir. 2009). "The Constitution requires that prisoners be served nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it . . . ." *Mora v. Camden Cty.*, No. 09-4183, 2010 WL 2560680, at *8 (D.N.J. June 21, 2010)

---

[5] In Plaintiff's initial complaint he made no mention of being religious. He only stated he is a vegetarian. (ECF No. 3 at 5.)

9

(internal citations and quotations omitted). The Supreme Court has further emphasized that "the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of 'grue' [a mashed up mixture of meat, potatoes, oleo, syrup, vegetables and eggs] might be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 686–87 (1978).

Plaintiff's allegations fail under the objective component outlined above. While he states that eating red meat seven days a week is not healthy, he fails to describe anything more about the diet and what else was offered. He states the "defendants removed the only source of nutrition available" to him, but fails to explain what was removed. (ECF No. 7 at 4.) Nor does he indicate how long he endured the eating of red meat. While Plaintiff may not feel that repeated consumption of red meat is healthy, without sufficient facts to establish he could not eat red meat for religious reasons, or that he was substantially deprived of food, his allegations do not establish a constitutional violation. For these reasons, his claims with respect to insufficient nutrition are likewise dismissed for failure to state a claim.

e. **Harassment**

Finally, Plaintiff appears to allege he was harassed by defendants, after he was "accused of threatening [a] guard with bodily harm." Even though the case against him was dismissed, he claims he was treated with "malice" which caused him to be denied parole, as he was painted as a "culprit." (ECF No. 7 at 4). Plaintiff has not indicated he was harassed physically, nor does he indicate who subjected him to the harassment. It is undisputed that acts of verbal harassment do not qualify as violations under the Eighth Amendment. "[V]erbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not

actionable under [Section] 1983." *Stepney v. Gilliard*, No. 02-5259, 2005 WL 3338370, at *6 (D.N.J. Dec. 8, 2005) (citing *Shabazz v. Pico,* 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (quotations omitted); *see also Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) ("verbal harassment does not give rise to a constitutional violation enforceable under § 1983").

**f. Amendment**

A district court generally grants leave to correct deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Because it is conceivable that Plaintiff may be able to assert facts stating a cognizable claim under § 1983, the Court will grant Plaintiff one final opportunity to file an amended complaint.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Plaintiff has 30 days to file a final amended complaint. An appropriate Order follows.

Date: August 30, 2018              */s/Brian R. Martinotti*
                                   **BRIAN R. MARTINOTTI**
                                   **UNITED STATES DISTRICT JUDGE**

11